UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA JAMES HILL,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF DAVID JOHNSON, et al.,<br><br>Defendants. | Case No. 2:25-cv-00231-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court are Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and Complaint (Dkt. 2). Plaintiff Joshua James Hill is proceeding pro se in this matter. Pursuant to 28 U.S.C. § 1915, the Court reviews Hill's request to determine whether Hill is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of the Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or

security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that indicates the plaintiff is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide for the plaintiff and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp.*, 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

Although Hill's present application is incomplete, the Court concludes, based on the record as a whole, that Hill has sufficiently demonstrated his inability to pay the filing fee. Hill reports take-home income of $1,350 per month and identifies gifts, panhandling, and yard work as sources of income (Dkt. 1 at 1). He leaves blank the portions of the application concerning expenses, cash or bank accounts, assets, dependents, and debts (*id.* at 2). The Court also notes that, in another pending action, Hill submitted a sworn in forma pauperis application reporting approximately $1,150 in monthly income, approximately $1,150 in monthly expenses, $45 in cash, and no identified bank-account balances or other assets. *See Hill v. Canyon County, et al.*,

No. 1:25-cv-00721-AKB, Dkt. 1.[1] Those sworn representations are consistent with the financial hardship otherwise apparent from the record here. Considering the record as a whole, the Court finds Hill has sufficiently shown that payment of the filing fee would interfere with his ability to provide himself the necessities of life. Accordingly, the Court grants Hill's Application..

## III. THE SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, pro se plaintiffs still have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Hill's Complaint concerns the estate of David Johnson and proceedings in Idaho State Court, Bonner County case number CV09-22-0250. Hill alleges that he was entitled to receive assets from Johnson's estate but did not; he did not receive written notice of the estate

---

[1] The Court takes judicial notice of the existence and contents of Hill's filing in *Hill v. Canyon County, et al.*, No. 1:25-cv-00721-AKB. *See* Fed. R. Evid. 201.

proceedings; he sought relief from the lower state courts and was rejected; and the Idaho appellate court did not provide the relief he requested (Dkt. 2 at 3–4; Dkt. 2-1 at 1). He names as Defendants the Estate of David Johnson, the Bonner County District Court, and the Idaho Court of Appeals. He relies upon the Sixth Amendment for federal-question jurisdiction and asks, in substance, that the state courts proceed with the estate matter so he can obtain estate assets.

The Complaint does not presently state a federal claim and some of its deficiencies cannot be cured by amendment. First, Hill invokes federal-question jurisdiction and identifies the Sixth Amendment as the constitutional provision at issue (Dkt. 2 at 3). Elsewhere, however, Hill characterizes his claim as involving "NO DUE PROCESS," and he alleges he received no written notice concerning the estate proceedings (Dkt. 2-1 at 1; Dkt. 2-2 at 1). Construing his Complaint liberally, the Court understands Hill to be attempting to assert a procedural due process claim arising from the state-court proceedings, notwithstanding his reference to the Sixth Amendment. The Complaint does not state a plausible due process claim. Hill does not identify the protected property interest of which he was deprived; the basis for his claimed entitlement to Johnson's estate; which Defendant deprived him of that interest; or the process available to him and why it was constitutionally inadequate.

Second, Hill cannot pursue his constitutional claims against the Idaho Court of Appeals or the Bonner County District Court themselves. The Eleventh Amendment bars suits in federal court against a State and its agencies or departments absent the State's consent or a valid congressional abrogation of immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Allen v. Cooper*, 589 U.S. 248, 254 (2020). State courts are treated as arms of the State for purposes of that immunity. *See Munoz v. Superior Ct.*, 91 F.4th 977, 980 (9th Cir. 2024); *Buck v. Steckel*, No. 1:25-cv-00138-AKB, 2025 WL 2855279, at *3–4 (D. Idaho Oct. 8,

2025). Accordingly, both are arms of the State entitled to Eleventh Amendment immunity. *Munoz*, 91 F.4th at 980.

Further, a State and governmental entities that are arms of the State are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989). Thus, neither the Idaho Court of Appeals nor the Bonner County District Court is a proper defendant to Hill's constitutional claim.

These are legal defects, not pleading deficiencies. Repleading additional facts against the same two state courts would not overcome sovereign immunity or make those courts "persons" under § 1983. Accordingly, amendment of Hill's claims against the Idaho Court of Appeals and Bonner County District Court would be futile.

Third, this Court cannot grant the principal relief Hill presently requests. Hill asks, in substance, that this Court require the Idaho courts to proceed with the Johnson estate matter so that he can obtain estate assets (Dkt. 2 at 4; Dkt. 2-1 at 1). Federal district courts, however, do not exercise supervisory authority over state courts. Nor may this Court simply take over the probate function itself. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). Thus, to the extent Hill asks this Court to determine who should receive Johnson's estate property and then direct distribution of that property, the requested relief falls within matters this Court cannot undertake. If Hill can allege an independent federal constitutional violation against a proper defendant, he may attempt to do so in an amended complaint. But amendment cannot be used merely to ask this Court to direct the Idaho courts how to conduct the probate proceeding, to administer Johnson's estate itself, or to order distribution of estate property.

Other deficiencies may be curable. Hill's allegation that he received no written notice of the estate proceedings could, depending on the facts, implicate procedural due process. But the

present Complaint does not identify the protected property interest Hill claims, explain the legal or factual basis for his claimed entitlement to Johnson's estate, identify the person who deprived him of that interest, describe what notice or process he actually received, or explain why the available process was constitutionally inadequate. Nor does the Complaint allege facts showing that the Estate of David Johnson, a private party, acted under color of state law.

Finally, Hill should understand that this Court cannot review and reverse an adverse state-court judgment. The present Complaint does not describe the state-court proceedings clearly enough for the Court to determine whether the Rooker-Feldman doctrine applies. If Hill files an amended complaint, however, he may not use this action as an appeal from a state-court decision or ask this Court to undo a state-court ruling concerning the estate. *Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003).

## IV. CONCLUSION

For the reasons explained above, the Court grants Hill's Application to Proceed In Forma Pauperis. The Court dismisses Hill's Complaint, however. His constitutional claims against the Idaho Court of Appeals and Bonner County District Court, and his requests that this Court direct the state probate proceedings, administer Johnson's estate, distribute estate property, or review and reverse an adverse state-court decision, cannot be cured by amendment. Those claims and requests are therefore dismissed with prejudice and without leave to amend. Because Hill may be able to allege an independent procedural due process claim against a proper defendant, however, the Court will permit him the opportunity to amend.

## V. ORDER

**IT IS ORDERED that:**

1. Plaintiff Joshua James Hill's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED**.
2. Hill's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**. Hill's constitutional claims against the Idaho Court of Appeals and the Bonner County District Court, and any request that this Court direct or supervise the state probate proceedings, administer Johnson's estate, distribute estate property, or review and reverse an adverse state-court decision, are **DISMISSED WITHOUT LEAVE TO AMEND**.
3. Hill may file an amended complaint within **forty-five (45) days** after entry of this Order. Any amended complaint must allege an independent federal claim against a proper defendant and must comply with the requirements identified in this Order.
4. If Hill fails to timely comply with this Order, the Court will dismiss this action without further notice.

DATED: October 14, 2026

Amanda K. Brailsford
U.S. District Court Judge